UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD JAMAL SANDERS,

    Plaintiff,

v.

MICHIGAN FIRST CREDIT UNION
TELLERS, STANLY SKIP PRUSS,
MICHIGAN FIRST CREDIT UNION,
MICHAEL D. POULOS, MARK SEBASTIN,
STANLY POLLITT, and
THE NATIONAL CREDIT UNION
ADMINISTRATION,

    Defendants.
                                           /

Case No. 10-cv-12517

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PLAINTIFF'S MOTION
TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

Plaintiff Howard Jamal Sanders filed a pro se complaint and an application to proceed without payment of the filing fee, or *in forma pauperis* ("IFP"), on June 24, 2010. Upon review of the IFP application, the Court agrees that Sanders is unable to pay the filing fee, and will grant his application.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), however, the Court will dismiss Sanders's complaint sua sponte because it fails to state a claim for relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 212 (2007) (court must dismiss case when the action satisfies section 1915(e)(2)(B) and has no discretion to permit amendment to avoid sua sponte dismissal).

Rule 12(b)(6) of the Federal Rules of Civil Procedure is the procedural vehicle for disposing of claims that fail to state a claim upon which relief can be granted. It allows a defendant, or a Court in the context of 28 U.S.C. § 1915, to test whether, as a matter of

law, the plaintiff is entitled to the legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To state a valid claim for relief, the plaintiff's factual allegations must demonstrate a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). To be "plausible," the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl.*, 550 U.S. at 555).

Sanders's original complaint is poorly drafted and his amended complaint adds nothing except to further specify the amount of damages he seeks from Defendants.[1] As far as the Court can tell from its review of the complaint and attachments thereto, an unknown person withdrew money from Sanders's bank account at Michigan First Credit Union ("the Bank") without his permission. When Sanders learned of this, he contacted the Bank, which later told him that according to the terms of his account agreement and current law, he was required to raise disputes in his monthly banking statements within 60 days from the time the statement was mailed. The Bank denied his complaint because he filed his inquiry more than 60 days after the account statement reflecting the unauthorized withdrawals was mailed. Sanders then filed a complaint against the Bank with the Michigan Office of Financial and Insurance Regulation ("Office") which later concluded that no wrongdoing on the part of the Bank had occurred.

Sanders appears to assert two federal claims against two sets of defendants. He first claims that the Bank, through one of its tellers, released funds in his bank account before requesting to see a "valid unexpired goverment-issued [sic] identification bearing a

---

[1] All citations herein are to the original complaint.

2

photograph." Compl. 5.² He asserts that this failure constitutes a violation of the Patriot Act. Sanders does not direct the Court to any provision of the Patriot Act, or any other federal authority for that matter, that requires banks to dispense money to customers only after having reviewed government-issued photo identification. Nor has the Court found any such statutory or regulatory requirement in the course of its independent research. The Patriot Act *does* require the Treasury Secretary to promulgate regulations that require banks to implement procedures for "verifying the identity of any person seeking to *open* an account to the extent reasonable and practicable" and for "maintaining records of the information used to verify a person's identity, including name, address, and other identifying information." 31 U.S.C. § 5318(*l*)(2)(A), (B) (emphasis added); *see also* 31 C.F.R. § 103.121(b) (implementing regulations). The statute and implementing regulations, however, stop short of requiring banks to request photo identification from a person simply wishing to make withdrawals from his or her bank account.

But even if the Patriot Act and implementing regulations did require banks to review photo identification before allowing withdrawals, Sanders's claim would still fail because, as various courts have routinely held, the Patriot Act does not provide for a private right of action for its enforcement. *See, e.g., Hanninen v. Fedoravitch*, 583 F. Supp. 2d 322, 326 (D. Conn. 2008); *Med. Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1330 (D. Kan. 2006) (dismissing plaintiff's Patriot Act claims under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); *Drake v. Enyart*, No. 06-217, 2006 WL 3524109 (W.D. Ky. Dec. 4, 2006); *Med. Supply Chain, Inc. v. U.S. Bancorp, NA*, No. 02-2539 2003 WL 21479192 (D. Kan. June 16, 2003), *aff'd*, 112 Fed. Appx. 730 (10th Cir. 2004).

---

² Because of Sanders's use of an odd method of page numbering, the Court's citations to pages in the complaint correspond with page numbering used by CM/ECF.

Moreover, applying general separation of powers principles, federal courts may not imply a private right of action to enforce a federal statute in the absence of clear congressional intent embodied in the text of the statute itself. As the Supreme Court recently stated:

> Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.

*Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (internal citations and quotation marks omitted). The Court can discern from the text no statutory intent to create a private right of action to enforce the Patriot Act and will not imply one. Therefore, even assuming the facts in the complaint are true, Sanders has not stated a claim for relief under the Patriot Act and the claim must be dismissed.

Sanders next asserts that the Bank and its agents denied him due process of law when it advised him that his claim for reimbursement was denied because of his failure to raise the issue within 60 days of the date the relevant bank statement was mailed. He asserts that due to equivocation by the Bank in the use of the reasons for its denial of liability, going back and forth between relying on "current law" and "the account agreement," Sanders was denied due process. Compl. 4. Insofar as he attempts to state a claim of violation of due process against the Bank, his claim fails because the Due Process Clause of the Fourteenth Amendment, like the remainder of the Amendment, applies only to state actors, which the Bank is not. *See United States v. Morrison*, 529 U.S. 598, 621 (2000); *Civil Rights Cases*, 109 U.S. 3, 11 (1883) ("It is state action of a particular

4

character that is prohibited. Individual invasion of individual rights is not the subject-matter of the amendment."). Since the Bank and its agents are not state actors, Sanders's due process claim against them fails and must be dismissed.

Sanders also appears to be claiming that the Michigan Office of Financial and Insurance Regulation ("Office") violated his due process rights during its investigation of his complaint regarding the Bank's conduct. He claims that because no witnesses were interviewed or tellers questioned, the Office failed to adequately investigate his claim, though he does acknowledge that the claim was actually investigated by the Office. Although the Office is a state actor whose actions must comply with due process requirements, Sanders's claim still fails, but for another reason. There is no constitutional right to the more rigorous investigation to which he claims entitlement. *Cf. Mitchell v. McNeil*, 487 F.3d 374, 378-79 (6th Cir. 2007) ("There is no statutory or common law right, must less a constitutional right, to [a police] investigation.") Nor does Sanders claim that the agency failed to follow any of its established rules for adjudicating claims. *See George Kabeller, Inc. v. Busey*, 999 F.2d 1417, 1420 (11th Cir. 1993). ("[I]t is a denial of due process for any government agency to fail to follow its own regulations providing for procedural safeguards to persons involved in adjudicative processes before it." (quoting *Government of Canal Zone v. Brooks*, 427 F.2d 346, 347 (5th Cir. 1970)). Therefore, to the extent Sanders attempts to assert a due process claim against the Office, his claim fails and must be dismissed.

Finally, to the extent Sanders attempts to state a claim for breach of contract against the Bank arising out of his account agreement, his claim arises under state law and the Court lacks jurisdiction to hear it. Moreover, since the Court has dismissed all of his federal claims, it declines to exercise supplemental jurisdiction over the state law claim. *See* 28

5

U.S.C. § 1367(c)(3); *Brown v. Cassens Transport Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("a federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims.").

**WHEREFORE**, it is hereby **ORDERED** that Sanders's application to proceed *in forma pauperis* is **GRANTED.**

**IT IS FURTHER ORDERED THAT** Sanders's complaint is **DISMISSED** sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The state law claims are dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED THAT** Sanders's motions at docket nos. 4 & 5 are **DENIED** as moot.

**SO ORDERED.**

          s/Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated: August 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 10, 2010, by electronic and/or ordinary mail.

          s/Alissa Greer
          Case Manager